[No. 23093.    Department Two.    July 30, 1931.]

S. L. ABELSON, *Appellant,* v. THE FIDELITY & CASUALTY COMPANY OF NEW YORK *et al.,* *Respondents.*[1]

*Fred C. Brown,* for appellant.

*Karr & Gregory,* for respondent.

FULLERTON, J.—This action was brought to recover upon an insurance policy issued by the respondent, The Fidelity & Casualty Company of New York, insuring against the burglary of a safe.  The person in whose name the policy had been issued, W. G. Beardslee, was made a party defendant, but at the opening of the trial the action was dismissed as to him, with the consent of the other parties.  At the conclusion of

[1]Reported in 2 P. (2d) 272.

the plaintiff's case, the court sustained a challenge to the sufficiency of the evidence, and in due course a judgment of dismissal was entered, from which this appeal was taken.

In the view that we take of the case, it will be necessary to make but a brief statement of the facts. W. G. Beardslee, an attorney at law practicing at Seattle, had in his possession a supposedly valuable oil painting belonging to the appellant. The dimensions of the canvas were about two by two and a half feet, and it was attached to a wooden frame appropriate to its size. Beardslee had the picture for the purpose of finding a buyer for it, if possible, or, as he expressed it, of trying "to create a market for it." By the terms of their agreement, Beardslee was to keep the picture insured for the appellant's protection. The kind of insurance was not specified, but the amount was fixed first at twenty thousand dollars and later at fifteen thousand dollars. Beardslee kept the picture in his office safe.

Shortly before the issuance of the policy sued upon, he conferred with one Wilbur E. Dow, of Seattle, concerning burglary insurance on the contents of the safe, having the intention, as he testified, to fulfill his obligation to the appellant to insure the picture, and also to protect himself on account of possible loss of other property in the safe, chiefly securities. As a result of this conference, it was decided that Beardslee should take a policy for seventeen thousand five hundred dollars, of which fifteen thousand dollars would be on the picture and two thousand five hundred dollars on the other contents of the safe. Dow was the head of Wilbur E. Dow Co., Inc., of Seattle, a concern described in its letterheads as "custom house and freight brokers, ship brokers and agents, forwarding agents, insurance, surety bonds." Soon after the conference

just mentioned, Wilbur E. Dow Co., Inc., sent to Beardslee by mail the policy sued upon, which placed the entire seventeen thousand five hundred dollars upon "merchandise usual to assured's business." The policy was written at Seattle by Seeley & Co., general agents of the insurer, the respondent on this appeal.

In the letter transmitting the policy, Wilbur E. Dow Co., Inc., requested Beardslee to furnish a list of the contents of the safe, with the values of the several articles. Complying with this request about two weeks later, Beardslee wrote Wilbur E. Dow Co., Inc., a letter in which were listed certain securities, valued at five thousand seven hundred dollars, and the picture, described as "Original Rubens oil painting appraised at not less than fifteen thousand dollars." He also stated in the letter that practically all of the items of property listed were owned by other persons, for whom he was holding them for various purposes.

About a month thereafter, Wilbur E. Dow Co., Inc., wrote Beardslee as follows:

"We are enclosing herewith an endorsement to attach to your burglary policy, showing that the amount of the insurance is on securities only."

The endorsement, or rider, enclosed with this letter, bore the same date as the policy, though evidently it was written at a later date. As indicated in the letter, the endorsement was intended to be attached to the policy. "Securities" were defined in the policy as

" . . . all negotiable or non-negotiable instruments, documents or contracts representing money or other property, including revenue and other stamps (except postage stamps) in current use."

Beardslee, upon receipt of the letter and rider, put them in his safe with the policy without examining them further than to see that they related to the policy.

He testified that not until after the loss did he examine the rider so as to apprehend its effect.

Something over nine months after the policy was issued, and while it was in force, Beardslee's safe was burglarized, and the oil painting and certain securities were stolen. Beardslee made proof of loss as to the securities, and declined to assert any claim against the respondent on behalf of the appellant for the loss of the picture. This action then was brought upon the theory that Beardslee effected the insurance for the appellant's benefit to the extent of fifteen thousand dollars upon the picture, and that the picture had been specifically designated to the insurer as one of the articles in the safe, or at least that it was comprehended by the term "merchandise," as defined in the policy.

There was no evidence whatever that Dow or Wilbur E. Dow Co., Inc., was an agent for the respondent. Any possible inference to that effect that could arise from the fact that the policy was issued as a result of a conference with Dow, or the fact that it was delivered to Beardslee by Wilbur E. Dow Co., Inc., or that there were communications between the insured and the insurer through Wilbur E. Dow Co., Inc., is fully overcome by the fact that the policy was not written by Dow or his corporation, but by another concern in the same city. Whether Dow or his corporation was compensated by Beardslee or by the insurer, or was compensated at all, does not appear from the evidence.

In these circumstances, the presumption is that Wilbur E. Dow Co., Inc., was a broker merely and was not the agent of the insurer to solicit or write insurance, but the agent of Beardslee to negotiate for and procure the insurance that the latter desired. Even if it be supposed that Wilbur E. Dow Co., Inc., was

compensated by the insurer, it would make no difference, for an insurance broker may be compensated by an insurer and still be the agent of the insured. *Detroit Trust Co. v. Transcontinental Ins. Co.*, 105 Cal. App. 395, 287 Pac. 535, and cases therein cited. See, also, *Reynolds v. Pacific Marine Ins. Co.*, 105 Wash. 666, 178 Pac. 811; *Day v. St. Paul Fire & Marine Ins. Co.*, 111 Wash. 49, 189 Pac. 95; *The Kings Co. Fire Ins. Co. v. Swigert*, 11 Ill. App. 590; and the annotation in 20 Ann. Cas. 1232.

Dow was not called as a witness, nor any other person representing the broker. The only evidence of what insurance the broker applied for, and what representations were made to the insurer, is contained in the policy itself, under the head "declarations." Besides the name and address of the insured, the description of the safe and some immaterial details, it is stated in that part of the policy that the insured's occupation is "attorney," that the safe is located in his office, that the property to be insured is "merchandise usual to assured's business," and that the whole amount, seventeen thousand five hundred dollars, is to be allocated to "merchandise." It will be assumed, though there is no direct evidence of it, that all of the information as to the contents of the safe furnished the broker by Beardslee after the issuance of the policy, was communicated to the insurer.

It is our conclusion, from a consideration of the case above outlined, which we have stated as favorably for the appellant as the evidence warrants, that the trial court was right in sustaining the respondent's challenge to the sufficiency of the appellant's evidence. In the first place, we question whether the policy as originally written covers the painting the value of which the appellant seeks to recover. The assured was an attorney at law. The coverage was for "mer-

chandise usual to the assured's business,'' and we think it can be seriously questioned whether an oil painting two centuries and a half old, the work of one of the world's greatest masters, can be said to be merchandise usual to the business of a lawyer.

In the second place, the alteration of the policy by the rider, so as to make it cover securities instead of merchandise, must be held to have been made with the assent of Beardslee. His broker, while engaged in procuring the kind of insurance he desired, knew of the change and communicated that knowledge to him by the most effective means possible—that is, by writing to him and by delivering to him the document whereby the change was effected. Beardslee cannot now be heard to say, as against the insurer, that he did not know or appreciate the effect of the alteration of the policy, or that he did not assent to the alteration.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BEELER, and MILLARD, JJ., concur.